
**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*



Robert C. Byrd United States Courthouse     Mailing Address
300 Virginia Street, East, Suite 4000     Post Office Box 1713
Charleston, WV 25301     Charleston, WV 25326-1713
Fax: (304) 347-5104     (304) 345-2200
    1-800-659-8726

FILED DEC 16 2009
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

October 16, 2009

John D. Wooten
The Wooten Law Firm
P.O. Drawer 2600
Beckley, WV 25802

      Re: United States v. Pharmacare, Inc. d/b/a Pineville Pharmacy

Dear Mr. Wooton:

    This will confirm our conversations with regard to your client, Pharmacare, Inc. d/b/a Pineville Pharmacy (hereinafter "Pharmacare"). As a result of these conversations, it is agreed by and between the United States and Pharmacare as follows:

    1. **CHARGING AGREEMENT.** Pharmacare consents to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    2. **RESOLUTION OF CHARGES.** Pharmacare will plead guilty to a violation of 18 U.S.C. § 1347 (Health Care Fraud) as charged in said information.

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Pharmacare will be exposed by virtue of this guilty plea is as follows:

    (a) A fine of $500,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (b) A five-year term of probation;

    (c) A mandatory special assessment of $400 pursuant to 18 U.S.C. § 3013; and

                                                       *PC*
                                                           Defendant's initials

John D. Wooten
October 16, 2009
Page 2                                    Re:  PHARMACARE, INC.

    (d)    An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664 or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT**. Prior to the entry of a plea pursuant to this plea agreement, Pharmacare will tender a check or money order to the Clerk of the United States District Court for $400, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Pharmacare will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Pharmacare fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Pharmacare.

    5.    **RESTITUTION**. Notwithstanding the offense of conviction, Pharmacare agrees that it owes restitution in the amount of $80,461.74 and agrees to pay such restitution by Pharmacare tendering to the United States a cashiers check or money order for such sum at or prior to final disposition. Pharmacare agrees it will not appeal any order of the District Court imposing restitution unless the amount of restitution exceeds the amount set forth in this paragraph. However, nothing in this paragraph is intended to preclude the Court from ordering Pharmacare to pay a greater or lesser sum of restitution in accordance with law.

    6.    **PAYMENT OF MONETARY PENALTIES**. Pharmacare agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Pharmacare further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    7.    **COOPERATION**. Pharmacare, through its officers or employees (collectively referred to herein as "representatives"), will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will, through its representatives, give signed, sworn statements and grand jury and trial testimony upon request of

                                                                     Defendant's
                                                                 initials

John D. Wooten
October 16, 2009
Page 3                                    Re:   PHARMACARE, INC.

the United States. In complying with this provision, Pharmacare may have counsel present except when its representatives appear before a grand jury.

    8.    **USE IMMUNITY**. Unless this agreement becomes void due to a violation of any of its terms by Pharmacare and its representatives nothing contained in any statement or testimony provided by it pursuant to this agreement, or any evidence developed therefrom, will be used against Pharmacare and its representatives, directly or indirectly, in any further criminal prosecutions or in determining the applicable provisions of the Federal Sentencing Guidelines.

    9.    **LIMITATIONS ON IMMUNITY**. Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Pharmacare and its representatives for any violations of federal or state laws. The United States reserves the right to prosecute Pharmacare and its representatives for perjury or false statement if such a situation should occur pursuant to this agreement.

    10.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410**. The United States and Pharmacare stipulate and agree that the facts comprising the offenses of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

    Pharmacare agrees that if it withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Pharmacare, and it is subsequently tried on any of the charges in the information, the United States may use and introduce the "Stipulation of Facts" in the United States case-in-chief, in cross-examination of any of its representatives or any of its witnesses, or in rebuttal of any testimony introduced by Pharmacare or on Pharmacare's behalf. Pharmacare knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right it has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Pharmacare understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the

                                                           P/C
                                                    Defendant's
                                                    initials

John D. Wooten
October 16, 2009
Page 4                                    Re:  PHARMACARE, INC.

Court, the parties will not have the right to withdraw from the plea agreement.

    11. **WAIVER OF APPEAL AND POST-CONVICTION RELIEF.** Pharmacare is aware that 18 U.S.C. § 3742 affords it the right to appeal the sentence imposed by the District Court. Nonetheless, Pharmacare knowingly and voluntarily waives its right to seek appellate review of any sentence or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence or fine is at or below the maximum prescribed by statute, as set forth in paragraph 3 above. The United States retains the right to appeal any sentence, fine or restitution on any ground whatsoever if the sentence is below the guideline range determined by the Court prior to any departure or variance.

    Pharmacare also knowingly and voluntarily waives the right to challenge its guilty plea and its conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack.

    12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Pharmacare knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a) Inform the Probation Office and the Court of all relevant facts and conduct;

    (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c) Respond to questions raised by the Court;

    (d) Correct inaccuracies or inadequacies in the presentence report;

    (e) Respond to statements made to the Court by or on behalf of Pharmacare;

*P/C*
Defendant's initials

John D. Wooten
October 16, 2009
Page 5                                        Re:   PHARMACARE, INC.

    (f)  Advise the Court concerning the nature and extent of Pharmacare's cooperation; and

    (g)  Address the Court regarding the issue of Pharmacare's acceptance of responsibility.

    14.  **VOIDING OF AGREEMENT**.  If either the United States or Pharmacare violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    15.  **ENTIRETY OF AGREEMENT**.  This written agreement constitutes the entire agreement between the United States and Pharmacare in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Pharmacare in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

CHARLES T. MILLER
United States Attorney

By:  _R. Booth Goodwin (signature)_
R. BOOTH GOODWIN II
Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this five-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Defendant, PHARMACARE, INC.

By:  _Rhonda Rose (signature)_                    11-6-09
RHONDA ROSE, President                            Date Signed

_John D. Wooton (signature)_                      11-6-09
JOHN D. WOOTON                                    Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

v.  Criminal No. _____

18 U.S.C. § 1347

**PHARMACARE, INC. D/B/A**
**PINEVILLE PHARMACY**

## I N F O R M A T I O N

The United States Attorney Charges:

**COUNT ONE**

At all relevant times:

1. Defendant PHARMACARE, INC. D/B/A PINEVILLE PHARMACY (hereinafter referred to as "PHARMACARE") was a pharmacy with its principal place of business in Pineville, Wyoming County, West Virginia and within the Southern District of West Virginia.

2. Defendant PHARMACARE was a so-called "compounding" pharmacy. Compounding is the mixing of drugs by a pharmacist to fit the unique needs of a patient.

3. As a pharmacy, PHARMACARE maintained contracts with various government health care benefit programs, including Medicaid, and received reimbursement by the Medicaid program for certain pharmaceutical drugs provided by PHARMACARE to its Medicaid customers.

4. The Medicaid health care benefit program was a system of medical assistance for indigent individuals who are aged, blind,

disabled, or members of families with dependent children. The program was funded by both the federal government and the State of West Virginia and was administered by the West Virginia Department of Health and Human Resources which reimburses pharmacies for certain pharmaceuticals provided to eligible Medicaid customers.

### The Scheme to Defraud

5. From in or about March of 2003, and continuing until February of 2006, at or near Pineville, Wyoming County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendant PHARMACARE did knowingly and willfully execute a scheme and artifice to defraud the Medicaid program and to obtain, by means of false and fraudulent pretenses and representations, money owned or under the control or custody of the Medicaid program in connection with the payment for pharmaceutical drugs.

### Manner and Means of Execution of the Scheme

6. Defendant PHARMACARE carried out this scheme through the following and other manners and means:

a. Medicaid requires pharmacies, and compounding pharmacies in this particular case, to include the exact units of quantities of substances dispensed, including any decimal units, in claims for reimbursement. Defendant PHARMACARE submitted or caused the submission of false claims to Medicaid in which decimal units of oxycodone and hydrocodone that were purportedly used in compounding

drugs dispensed to Medicaid recipients were "rounded up" to the next highest whole unit.

    b. Defendant PHARMACARE administratively "reversed" Medicaid claims for reimbursement, and re-billed those same prescriptions falsely claiming that it had used a different brand of the same drug that had a significantly higher rate of reimbursement than the brand originally billed.

    In violation of Title 18, United States Code, Section 1347.

                                  UNITED STATES OF AMERICA

                                  CHARLES T. MILLER
                                  United States Attorney


                    By: _____
                          R. BOOTH GOODWIN II
                          Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO.

**PHARMACARE, INC. D/B/A
PINEVILLE PHARMACY**

## STIPULATION OF FACTS

The United States and **PHARMACARE, INC. D/B/A PINEVILLE PHARMACY** (hereinafter "Pharmacare") stipulate and agree that the facts comprising the offense of conviction as to charge in the Information in the Southern District of West Virginia, include the following:

Pharmacare is a so-called "compounding" pharmacy. Compounding is the mixing of drugs by a pharmacist to fit the unique needs of a patient. This may be done for medically necessary reasons, such as to change the form of the medication from a solid pill to a liquid, to avoid a non-essential ingredient that the patient is allergic to, or to obtain the exact dose needed. It may also be done for voluntary reasons, such as adding favorite flavors to a medication.

### Rounding Up

Medicaid requires pharmacies, and compounding pharmacies in this particular case, to include the exact units of quantities of substances dispensed, including any decimal units, in claims for reimbursement. During the period between March of 2003, and continuing until February of 2006, Pharmacare submitted or caused the submission of false claims to Medicaid in which they "rounded up" decimal units of oxycodone and hydrocodone that were purportedly used in compounding drugs dispensed to Medicaid recipients. That is, by way of example, if 1.5 units of medication was used in the compounding process, Pharmacare would submit a claim to Medicaid representing that 2 units of the medication were used in the compounding process. Medicaid relied on these false representations and paid Pharmacare more than $27,876.98 in excess of the amount to which it was entitled.

**PLEA AGREEMENT EXHIBIT B**

1 OF 2

## Reversals

Beginning in April of 2005, and continuing through December of 2005, Pharmacare used Spectrum oxycodone hcl powder purchased in bulk quantities of 100 gram units (NDC 49452003404), to compound various prescriptions for which claims were submitted to Medicaid for reimbursement. Pharmacare sought Medicaid reimbursement for these prescriptions falsely claiming that they had used Mallinckrodt oxycodone hcl powder purchased in 5 gram units (NDC 00406886553), a substance with a higher rate of Medicaid reimbursement than the Spectrum oxycodone hcl powder. Medicaid relied on these false claims, and reimbursed Pharmacare for the Mallinckrodt oxycodone hcl powder, though the prescriptions were actually compounded with the Spectrum oxycodone hcl powder. Thereafter, Pharmacare administratively "reversed" the Medicaid claims for the Mallinckrodt oxycodone hcl powder 5 gram units, and re-billed those same prescriptions falsely claiming that Pharmacare had used oxycodone hcl powder purchased in 1 gram units from yet another manufacturer, PCCA (NDC 51927100800). The PCCA oxycodone hcl powder had a significantly higher rate of reimbursement than the Spectrum or Mallinckrodt oxycodone hcl powder. Medicaid relied on these false claims and paid Pharmacare more than $52,584.76 in excess of the amount to which it was entitled.

Stipulated and agreed to:

Defendant, PHARMACARE, INC.

By: *Rhonda Rose*  
RHONDA ROSE, President  
Date Signed: 11-6-09

*John D. Wooton*  
JOHN D. WOOTON  
Counsel for Defendant  
Date Signed: 11-6-09

*R. Booth Goodwin II*  
R. BOOTH GOODWIN II  
Assistant United States Attorney  
Date Signed: 11/18/09

**PLEA AGREEMENT EXHIBIT B**

2 OF 2

```
              UNITED STATES
          U. S. DISTRICT COURT
         Southern District of West Virginia
                Beckley Division

          # 00006273 - SR
          December 16, 2009


       Code    Case #    Qty      Amount

       SPECIAL  5:09-0240          400.00 CK
         Debtor - USA V. PHARMACARE 5:09-00260


       TOTAL→                     400.00



       FROM: THE WOOTON LAW FIRM
             210 MAIN STREET
             BECKLEY, WV 25801
             CASE NO. 5:09-00260
```